IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CASSIE B. ANDERSON, INDIVIDUALLY
AND AS TRUSTEE OF THE DAVID D.
ANDERSON FAMILY TRUST                                                                 **Plaintiff**

VS.                                              CIVIL ACTION NO.  5:18cv118-DCB-MTP

PAGE MCCLENDON                                                                         **Defendant**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Page McClendon hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and gives notice of the removal of this action from the Chancery Court of Amite County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division. As grounds for this removal, Page McClendon Anderson states as follows:

1. McClendon is the named defendant in an action commenced on October 9, 2018, in the Chancery Court of Amite County, Mississippi, captioned *Cassie B. Anderson, Individually and as Trustee of the David D. Anderson Family Trust v. Page McClendon*. The plaintiff seeks to have the chancery court set aside a quitclaim deed or, alternatively, impose a constructive trust over property located in Amite County, Mississippi.

2. As required by 28 U.S.C. § 1446(a) and Local Uniform Civil Rule 5(b), a certified copy of the state court record will be filed within 14 days of the date of removal.

3. The defendant received the complaint on October 8, 2018.[1] This Notice of Removal is therefore timely. 28 U.S.C. § 1446(b).

4. The is the United States District Court for the Southern District of Mississippi, Western Division, which embraces Amite County, Mississippi, the county in which the state court action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. §§ 104(b)(4) and 1441(a).

5. As required by 28 U.S.C. § 1446(d), the plaintiff is being provided with a written Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Chancery Court of Amite County, Mississippi. *See* Notice of Filing of Removal, attached as **Exhibit A**.

## Removal is Proper Based on Diversity Jurisdiction

6. A district court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 if the citizenship of each plaintiff is diverse from the citizenship of each defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court looks at the citizenship of each party at the time the complaint is filed to determine whether complete diversity exists. *See Oatis v. Wal-Mart Stores, Inc.*, No. 2:13-CV-162-KS-MTP, 2013 WL 5817590, at *1 (S.D. Miss. Oct. 29, 2013) (quoting *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004)).

7. Diversity of citizenship exists on the face of the Complaint. According to the Complaint, the plaintiff "is an adult citizen domiciled in the State of Mississippi." Compl. ¶ 1. The plaintiff was domiciled in Mississippi at the time of filing and is to this day. Because citizenship is

---

[1] 28 U.S.C. § 1446(a) requires a copy of the process, pleadings, and orders that have been served on the defendant to be attached to the notice of removal. Although the defendant has not yet been served in the Chancery Court action, a copy of the complaint is attached as **Exhibit B**.

determined by domicile for purposes of diversity jurisdiction, the plaintiff is thus a citizen of the state of Mississippi. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

8. McClendon is, and was at the time of the filing of this lawsuit, a citizen of Louisiana. Compl. ¶ 2.

9. Because this is a dispute between citizens of different states, there is complete diversity of citizenship between plaintiff and the defendant.

10. For diversity jurisdiction to be proper, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

12. This lawsuit requests that the Court set aside a deed to certain property or, in the alternative, impose a constructive trust on that property. Because this lawsuit questions who has a right to the property, the amount in controversy is determined by the value of the property in dispute. *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.").

13. The property in dispute here is both land and the home on the land, and the value well exceeds $75,000. Indeed, the Amite County Tax Assessor assessed the home and sixty-one acres as having a value of over $500,000. *See* Amite County Appraisal Records, Pin Number 864. As a result, the minimum amount in controversy is satisfied. *See Dillard Family Tr. v. Chase Home Fin., LLC*, No. 3:11-CV-1740-L, 2011 WL 6747416, at *4 (N.D. Tex. Dec. 23,

2011) (accepting the defendant's use of the Dallas County Appraisal District's fair market value of the home to establish the minimum amount in controversy).

14. Because this action is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" pursuant to 28 U.S.C. § 1441(a), it is properly removable to this Court as a "civil action[] where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States" within the meaning of 28 U.S.C. § 1332(a).

15. The defendant has not yet filed an answer, but she demands a jury trial.

16. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the defendant's rights to assert any defense or affirmative matter available under Mississippi or Federal Rule of Civil Procedure 12, or any state or federal statute, including but not limited to the following: lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, improper joinder of claims or parties, failure to state a claim upon which relief can be granted, failure to join a necessary party under Rule 19, or abatement of this lawsuit.

Respectfully submitted, this the 6th day of November.

                                            BY: /s/ Caroline B. Smith
                                                 RONALD I. LOEB (MSB. NO. 1381)
                                                 ROBERT M. FREY (MSB NO. 5531)
                                                 CAROLINE B. SMITH (MSB NO. 105501)

                                                 HER ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Suite 1400
1020 Highland Colony Park
Ridgeland, MS 39157

Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: (601) 948-5711
Fax: (601) 985-4500
ronny.loeb@butlersnow.com
bob.frey@butlersnow.com
caroline.smith@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Caroline B. Smith, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be served via U.S. Mail, postage prepaid, on the following:

| | |
|---|---|
| Alan Perry (MS Bar 4127) <br> Mary Clay W. Morgan (MS Bar 101181) <br> Bradley Arant Boult Cummings LLP <br> Suite 400, One Jackson Place <br> 188 East Capitol Street <br> P.O. Box 1789 <br> Jackson, MS 39215 <br> Tel: 601-948-8000 <br> Fax: 601-948-3000 <br> mmorgan@bradley.com <br> *Attorney for Plaintiff Cassie B. Anderson, Individually and as Trustee of the David D. Anderson Family Trust* | Honorable Jana Causey, Clerk <br> AMITE COUNTY CHANCERY COURT <br> 243 W. Main Street <br> P.O. Box 680 <br> Liberty, MS 39645 |

SO CERTIFIED, this the 6th day of November, 2018.

*/s/Caroline B. Smith*
CAROLINE B. SMITH

44716852.v1