# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CASSIE B. ANDERSON**                                                                 **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 5:18-CV-118-KS-MTP**

**PAGE MCCLENDON**                                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a family dispute over a piece of property. David Anderson died on January 27, 2018. In his will, he left his wife, Page McClendon ("Defendant"), a life estate in one acre of a larger property in Amite County. The rest of the property was left to the Trustee of the David D. Anderson Family Trust – his daughter, Cassie Anderson ("Plaintiff"). However, about a week after Anderson died and approximately one week before the reading of his will, Defendant recorded a quitclaim deed executed on May 31, 2002 which granted her a joint tenancy in the subject property.

Plaintiff filed this suit to seeking to set aside the quitclaim deed on the basis of equitable estoppel or, alternatively, to impose a constructive trust. Defendant has already filed two dispositive motions. For the reasons below, the Court **denies** Defendant's Motion for Summary Judgment [21] **without prejudice** and **denies** Defendant's Motion to Dismiss [32].

### I. MOTION FOR SUMMARY JUDGMENT [21]

Defendant filed a Motion for Summary Judgment [22]. Defendant argues that

the Court should enter a judgment in her favor because 1) Plaintiff did not allege enough facts to establish an agreement between her and David Anderson to disregard the quitclaim deed; 2) Plaintiff has no evidence of an agreement between her and Anderson; 3) even if there were an agreement between Plaintiff and Anderson, Plaintiff would not be entitled to relief because she did not allege any wrongful conduct by Defendant.

## A.     *Allegations of an Agreement*

Although Defendant styled her motion as one seeking summary judgment under Rule 56, her first argument is more akin to one presented under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S.

662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

In the Court's opinion, the allegations of the Complaint are sufficient to state a claim that Defendant agreed to disregard the quitclaim deed, notwithstanding Defendant's sophistic arguments to the contrary. Plaintiff is not required to plead every who, what, when, where, how, and why related to the claim. This is not a Rule 9(b) case. And Plaintiff's allegation that Defendant agreed to disregard the deed is not even a cause of action with multiple, specific elements that must be stated. It's just an allegation of fact in support of her claims of equitable estoppel and constructive trust.

Plaintiff could have pleaded more details, but at this stage of the case she only has to state a plausible claim. Defendant contends that Plaintiff's allegation is implausible, but, in the undersigned Judge's experience, very few things are implausible when family members fight over property. It doesn't take much imagination to think of scenarios in which a widowed step-mother and a step-daughter could find themselves at odds over a deceased husband/father's estate. Plaintiff's allegations are plausible enough to survive a Rule 12(b)(6) motion.

## B. *Evidence of an Agreement*

Next, Defendant argues that Plaintiff has no evidence of an agreement between her and David Anderson. Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

3

P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In response, Plaintiff argues that the Court should deny Defendant's motion as premature and allow the parties to conduct further discovery. Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering

4

the motion or deny it . . . ." FED. R. CIV. P. 56(d)(1). Rule 56(d) motions "are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). "[C]ontinuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course," but "the party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material fact." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009). They must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Prospect Capital Corp. v. Mutual of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016).

Plaintiff's counsel submitted an affidavit in support of her request under Rule 56(d). Therein, she specified various routes of inquiry she anticipated Plaintiff would follow during discovery. Plaintiff intends to seek information regarding conversations between Defendant and Anderson related to his will and/or estate. She also intends to examine Anderson's will, income tax returns, applications for homestead exemptions, financial disclosure statements to determine whether Defendant has held herself out as the owner of the subject property. Plaintiff also intends to seek information regarding all conversations/communications between Defendant and Anderson regarding separation and/or potential divorce, including potential property division. Defendant has already served subpoenas on two parties regarding the

5

formation and drafting of Anderson's will. The parties agreed that Defendant would depose Plaintiff on May 2, 2019, and they are in the process of scheduling Defendant's deposition.

There are still over four months left in the discovery period. The parties have not deposed anyone, and they have only recently exchanged written discovery requests and responses. In fact, at the time Plaintiff responded to the present motion, she had not received any written discovery responses from Defendant. Plaintiff outlined numerous lines of inquiry that could plausibly affect the outcome of a motion for summary judgment. The decision to grant or deny a 56(d) motion is committed to the discretion of the trial court, *Saavedra v. Murphy Oil USA, Inc.*, 930 F.2d 1104, 1107 (5th Cir. 1991), and the Court believes that it would be prudent to withhold assessment of Plaintiff's evidence until she has had an opportunity to develop the record through discovery.

C.   *Availability of Relief Despite Alleged Agreement*

Finally, Defendant argues that Plaintiff would not be entitled to relief even if there were an agreement between Plaintiff and Anderson because no Mississippi decision has ever granted similar relief under these facts. Defendant contends that Plaintiff has not alleged any wrongful conduct. But the scenario alleged by Plaintiff – in which Defendant suddenly recorded a sixteen-year-old quitclaim deed after Anderson died and provided in his will that the subject property goes to Plaintiff – could be construed as suspicious. Regardless, the availability of equitable remedies is

heavily dependent on the facts and circumstances of the specific case. The Court does not know what the facts of this case are because the parties have not conducted discovery and presented evidence. The Court believes it would be wiser to address Defendant's argument after the parties have had a chance to develop the record further.

## *D.* *Conclusion*

For these reasons, the Court **denies** Defendant's Motion for Summary Judgment [21] **without prejudice**. Defendant is free to file another motion when the parties have conducted more discovery.

## II. MOTION TO DISMISS [32]

In her Motion to Dismiss [32], Defendant asserted the same arguments from her Motion for Summary Judgment [21]. She argues that 1) Plaintiff did not allege enough facts to establish an agreement between her and David Anderson to disregard the quitclaim deed; 2) Plaintiff's allegation of an "agreement to disregard" is implausible; and 3) even if there were an agreement between Plaintiff and Anderson, Plaintiff would not be entitled to relief because she did not allege any wrongful conduct by Defendant. The Court rejects these arguments for the same reasons provided above. Defendant is free to raise them again after the parties have conducted discovery.

SO ORDERED AND ADJUDGED this 26th day of March, 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE