**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CASSIE B. ANDERSON,**                                                    **PLAINTIFF**
**Individually and as Trustee of the David D.**
**Anderson Family Trust,**

**V.**                                                    **CASE NO. 5:18-CV-118-KS-MTP**

**PAGE MCCLENDON**                                                    **DEFENDANT**

---

**MEMORANDUM IN SUPPORT OF**
**OBJECTION TO AND MOTION TO QUASH SUBPOENA *DUCES TECUM***

---

Ralph A. Yelverton files this Memorandum in Support of his Objection to and Motion to Quash Subpoena *Duces Tecum* (the "Motion") under Fed. R. Civ. P. 45(d)(2)(B) and (d)(3)(A)(iii), as follows:

**Introduction**

Yelverton is a licensed Mississippi attorney that represented Defendant Page McClendon in her estate planning matters. Plaintiff Cassie B. Anderson has, however, served Yelverton with a Subpoena *Duces Tecum* (the "Subpoena," Dkt. 56-1) commanding him to produce "[a]ll billing records related to estate planning services performed for . . . Page McClendon."[1] But these records contain billing entries that reveal information protected by both the attorney-client privilege and work-product doctrine. As the Mississippi Supreme Court has made clear, these billing records are not discoverable and should be protected. *Hewes v. Langston*, 853 So. 2d 1237,

---

[1] Plaintiff also requested the billing records for estate planning services rendered to David D. Anderson. To the extend Yelverton's billing records pertain to services rendered to only David D. Anderson and not McClendon, those billing records will be produced.

1248-49 (Miss. 2003). This Court should therefore grant Yelverton's Motion and quash the Subpoena.[2]

## Facts

Yelverton and his law firm, Stubblefield & Yelverton, PLLC, represented David C. Anderson from approximately 2001 until his death in 2018, performing estate planning, business, and related services.

Yelverton also represented McClendon—David Anderson's wife—for the limited purpose of preparing a will and power of attorney in 2015.

As Yelverton testified during his deposition in this case, Yelverton did not represent McClendon and David Anderson jointly. (*E.g.* Yelverton Dep. 170:7-14, attached to the Motion as Ex. A.) Instead, Yelverton represented McClendon separately. *Id.*

Nevertheless, on July 2, 2019, Cassie Anderson issued the Subpoena, which commands Yelverton to produce all billing records related to the estate planning services he performed for McClendon.

## Argument

This Court should quash the Subpoena because it requests documents protected by the attorney-client privilege and work-product doctrine. Fed. R. Civ. P. 45(d)(3)(A)(iii); *Ishee v. Fed. Nat'l Morg. Ass'n*, 2014 WL 2162753, at *1 (S.D. Miss. May 23, 2015).

Under Mississippi law,[3] the attorney-client privilege protects "confidential communications made for the purpose of facilitating the rendition of professional legal services to

---

[2] As explained below, Yelverton is agreeable to producing the billing records to the Court for *in camera* inspection and to redacting all non-protected information before production.

[3] Under Fed. R. Evid. 501, Mississippi law determines the applicability of the attorney-client privilege. *Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir. 1991).

the client." Miss. R. Evid. 502(b). The privilege "does not demand that the communication solely contain legal analysis or advice; rather, privilege protection attaches to those communications that would facilitate the rendition of legal services or advice." *Baptist Health v. BancorpSouth Ins. Servs.*, 270 F.R.D. 268, 273 (N.D. Miss. May 28, 2010) (citing *Hewes v. Langston*, 853 So. 2d 1237, 1244 (Miss. 2003)). "[I]mportantly, the Mississippi Supreme Court describes its interpretation of the attorney-client privilege as being broad and has held that 'the privilege relates to and covers *all information* regarding the client received by the attorney in his professional capacity and in the course of his representation.'" *Baptist*, 270 F.R.D. at 273 (emphasis added) (citing *Hewes*, 853 So. 2d at 1244).

The work-product doctrine, in turn, protects "materials that were prepared in anticipation of litigation" under Fed. R. Civ. P. 26(b)(3). *Ishee*, 2014 WL 2162753, at *3 (citing Fed. R. Civ. P. 26(b)(3)). The doctrine "is intended to 'shelter[] the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'" *Baker Pistol Ridge Gen. P'ship v. Par Minerals Corp.*, 2014 WL 12570913, at *1 (S.D. Miss. Feb. 25, 2014) (quoting *U.S. v. Nobles*, 422 U.S. 225, 238 (1975)).

Typically, general information related to billing is not privileged, such as the total amount a client is billed and the general nature of the work performed. *Nationwide Ins. Co. v. Johnson*, 2006 WL 1795925, at *2 (S.D. Miss. June 28, 2006) (citing *Levinston v. Allis-Chalmers Corp.*, 109 F.R.D. 546, 551 (S.D. Miss. 1985)). But "itemized legal bills necessarily reveal confidential information and thus fall within the privilege." *Hewes v. Langston*, 853 So. 2d 1237, 1248 (Miss. 2003). This is because itemized legal bills "may reveal the client's motivation for seeking legal representation, the nature of the services provided or contemplated, strategies to be employed in the event of litigation, and other confidential information exchanged during the course of

representation." *Id.* (quoting *In re Horn*, 976 F.2d 1314, 1317-18 (9th Cir. 1992)). Indeed, "the Mississippi Bar apparently views detailed billing statements as privileged and confidential," as well. *Hewes*, 853 So. 2d at 1249 (citing Ethics Op. No. 246, April 8, 1999). *See also Judicial Watch, Inc. v. U.S. Dep't of Justice*, 118 F. Supp. 3d 266, 274-75 (D.D.C. 2015) (noting that it is "well-established" and consistent with the "clear weight of authority" that billing records may contain protected work product).

Here, the records requested include many billing entries revealing Yelverton's work product or confidential information related to Yelverton's representation of McClendon. And the fact that Yelverton was performing estate planning for McClendon does not matter. The testamentary exception does not apply because McClendon—the testator whose billing records are at issue—is not deceased. *Swidler & Berlin v. U.S.*, 524 U.S. 339, 205 (1998) (communications remain privileged during testator's lifetime).

Of course, it is impossible to describe the content of these entries in the public record without revealing the protected matter itself, thereby waiving the attorney-client privilege and protections of the work-product doctrine. To that end, Yelverton is agreeable to submitting the billing records to the Court for *in camera* inspection and to redacting those portions of the records that do not contain protected information.

**For these reasons,** Yelverton requests that this Court enter an order granting the Motion and quashing the Subpoena.

Dated: July 17, 2019.

**RALPH A. YELVERTON**

By:   C. Phillip Buffington, Jr. (MSB No. 7035)
      Timothy J. Anzenberger (MSB No. 103854)
      Adams and Reese LLP
      1018 Highland Colony Parkway, Suite 800
      Ridgeland, MS 39157
      Telephone:    601.353.3234
      Facsimile:    601.355.9708
      phil.buffington@arlaw.com
      tim.anzenberger@arlaw.com